# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.                         **Civil Action 2:07-CV-213**
                                      **Judge Marbley**
JOEL C. STRAKER, *et al.*,      **Magistrate Judge King**

        Defendants.

## OPINION AND ORDER

        This is a foreclosure action in which the United States seeks to foreclose the mortgage and equity of redemption relating to certain real estate located in Logan County, Ohio, following the alleged default by defendant Joel C. Straker ("Straker") on a promissory note issued through the Farmers Home Administration, now known as the Farm Service Agency. *Complaint,* Doc. No. 2. An answer to the complaint was filed by or on behalf of all defendants except defendant Steva Straker, who was served on May 26, 2007. *See* Doc. No. 16. The fact of this defendant's default was entered by the Clerk on June 29, 2007. *Entry of Default,* Doc. No. 19.[1] The Huntington National Bank asserts a judgment lien against the premises. *Answer*, Doc. No. 5. The Logan County Treasurer claims a first and best lien against the property by reason of real estate taxes and assessments. *Answer,* Doc. No. 7.[2] The State of Ohio disclaims any interest in the property. *Answer*, Doc. No. 12.

        This matter is now before the Court on plaintiff's motion for summary judgment, Doc. No. 34. Although defendants were advised of their

---

[1]Defendant Steva Straker is not obligated on the underlying debt. The United States joined her in the action only to protect against any dower interest that she may claim.

[2]The United States agrees that the Logan County Treasurer lien is entitled to first priority. *Motion for Summary Judgment*, at p. 7, Doc. No. 34.

right to respond to the motion for summary judgment and of the consequences of their failure to do so, *see Order,* Doc. No. 35, there has nevertheless been no response to the motion.

**STANDARD**

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

**THE EVIDENCE**

In July 1982, defendant Straker and his then wife executed and delivered a promissory note and mortgage relating to real estate located in Logan County, Ohio. Exhibits A, B, attached to *Complaint*. In the mortgage, the mortgagors covenanted to, *inter alia*, "pay when due all taxes . . . and assessments lawfully attaching to . . . the property . . . ." Exhibit B, at p.2, attached to *Complaint*. Defendant Straker was notified that tax liens filed against the property by the Logan County Treasurer and the Internal Revenue Service, *see Affidavit of Rebecca N. Sheeks*, Exhibit MSJ-2, attached to *Motion for Summary Judgment*, Doc. No. 34, constituted default. Exhibit D, attached to *Complaint*. On July 31, 2007, the United States and defendant Straker entered into a stipulation for cure of mortgage default which provided, *inter alia,* that in the event of further default the United States is entitled to accelerate the balance due and to seek immediate judgment for that accelerated amount and foreclosure of the real property described in the mortgage.

*Stipulation,* ¶¶3-4, Doc. No. 24.[3] Defendant Straker has not complied with the terms of that stipulation. *See Status Report,* Doc. No. 29; *Declaration of David A. Drake,* Exhibit MSJ-1, attached to Doc. No. 34.

Plaintiff has established that defendant is in default and that, as of September 30, 2007, the total debt owing on the note amounted to $86,996.64, and that interest accrues at the rate of $14.3996 per day. *Id.*

The uncontroverted record in this action establishes an authenticated promissory note executed by defendant Joel C. Straker, a real estate mortgage and a properly authenticated statement of account, demonstrating default. Plaintiff is therefore entitled to summary judgment. *See United States v. Irby,* 517 F.2d 1042 (6th Cir. 1975).

Plaintiff's motion for summary judgment, Doc. No. 34, is therefore **GRANTED.** The Clerk is **DIRECTED** to enter **JUDGMENT** in favor of the United States and against defendant Joel C. Straker in the principal amount of $80,859.37, and interest in the amount of $6,137.00, totaling $86,996.64, together with interest at the rate of $14.3996 per day from September 30, 2007, on the principal amount, and costs as determined by law. Moreover, plaintiff is **ENTITLED** to take all steps necessary to complete the foreclosure sale of the real property without any right of dower being vested in or accorded to defendant Steva Straker.

**IT IS SO ORDERED.**


                                            s/Algenon L. Marbley
                                          Algenon L. Marbley

---

[3]The *Stipulation for Cure of Mortgage Default*, Doc. No. 24, also acknowledged a scrivener's error as to the description of the real estate and acknowledged that the proper description of the real property at issue in this action is as described in Exhibit C, attached to the *Complaint*. In that stipulation, defendant Straker also waived any right to challenge his obligations under the promissory note or mortgage by reason of that scrivener's error. *Id.*

United States District Judge